SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
========================================X Index No.: 13256/07
SALLY ANN DRUCKER,

         Plaintiff,    **NOTICE OF REMOVAL
                  TO FEDERAL COURT**

   -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

         Defendants.
========================================X

   *PLEASE TAKE NOTICE* that defendant has filed removal papers in the United States District Court for the Southern District of New York on the 16th day of July, 2007 removing the above-captioned matter to said Court.  Attached hereto are copies of the papers filed.

Dated:  New York, New York
     July 11, 2007

         Yours etc.,

         KRAL, CLERKIN, REDMOND, RYAN,
           PERRY & GIRVAN, LLP
         Attorneys for Defendant
         JOHN D. CORRIERI AND PAUL D.
         CORRIERI
         170 Broadway, 5th Floor
         New York, New York 10038

         By:_____
           JUSTINE L. GRISANTI (#0793)

TO:   DAVID RESNICK & ASSOCIATES
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 409
      New York, New York 10123
      (212) 279-2000

07 cv 6432

JUDGE HOLWELL

## CIVIL COVER SHEET

JS 44C/SDNY
REV. 1/97

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
SALLY DRUCKER

**DEFENDANTS**
Scottsdale Insurance Company

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
David Resnick & Associates
450 Seventh Avenue, Suite 409
New York, NY 10123

**ATTORNEYS (IF KNOWN)**
Kral, Clerkin, Redmond, Ryan, Perry & Girvan, LLP
170 Broadway, 5th Fl., NY, NY 10038

**CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)**
The Court's diversity jurisdiction is claimed pursuant to 28 U.S.C.A.
332 and this action is hereby sought to be removed pursuant to 28 U.S.C.A.
141. This is a personal injury action whereby plaintiff seeks money damages.

Has this or a similar case been previously filed in SDNY at anytime? No ☒ Yes? ☐ Judge Previously Assigned

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                 NATURE OF SUIT

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**TORTS**

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[X] 360 OTHER PERSONAL INJURY

PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 R.R. & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**ACTIONS UNDER STATUTES**

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $ _____ OTHER _____ JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO
DEFENDANTS WILL DEMAND A JURY IN ITS
ANSWER

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

☐ 1 Original        ☒ 2 Removed from    ☐ 3 Remanded from    ☐ 4 Reinstate or    ☐ 5 Transferred    ☐ 6 Multidistrict    ☐ 7 Appeal to District
  Proceeding          State Court           Appellate Court        Reopened           from (Specify)      Litigation              Judge from
                                                                                      District                                     Magistrate Judge
                                                                                                                                    Judgment

(PLACE AN x IN ONE BOX ONLY)            **BASIS OF JURISDICTION**            **IF DIVERSITY, INDICATE**
                                                                            **CITIZENSHIP BELOW.**
☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION    ☒ 4 DIVERSITY    **(28 USC 1332, 1441)**
                                              (U.S. NOT A PARTY)

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [X] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [X] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)** (Calendar Rule 4(A))
Sally Ann Drucker
818 N. Buchanan Boulevard
Durham, NC 27701

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)** (Calendar Rule 4(A))
John P. Corrieri                    Paul D. Corrieri
47-33 Fifth Street                  1481 Shore Drive
Long Island City, NY 11101          Bronx, NY 10465

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO
ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS    ☒ FOLEY SQUARE
            (DO NOT check either box if this is a PRISONER PETITION.)

DATE 7/11/07   SIGNATURE OF ATTORNEY OF RECORD        ADMITTED TO PRACTICE IN THIS DISTRICT
                                                      [ ] NO
                                                      [X] YES (DATE ADMITTED Mo._____ Yr. 199_
RECEIPT #                                             Attorney Bar Code # 0793

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X
SALLY ANN DRUCKER,

                              Plaintiff,          **NOTICE OF REMOVAL**

      -against-                                   *Hon.*

JOHN D. CORRIERI AND PAUL D. CORRIERI,

                              Defendants.
=========================================X

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK**

        This   Notice   of   Removal   on   behalf   of   defendants

respectfully shows:

        1.   An action was commenced against defendants   in

the  Supreme  Court  of  the  State  of  New  York,  Bronx  County  on

March  23,  2007  with  subsequent  service  of  the  Summons  and

Verified  Complaint  on  the  defendants  through  the  Secretary  of

State   on   April   10,   2007,   which   action   is   entitled   above.

According to the Verified Complaint, plaintiff demands judgment

"in  a  sum  which  exceeds  the  jurisdictional  limits  of  all  lower

Courts  which  would  otherwise  have  jurisdiction."  Copies  of  the

Summons  and  Verified  Complaint  are  attached  hereto  as  *Exhibit*

*"A."*

        2.   Defendants timely joined issue on May 18, 2007.

A copy of the Verified Answer is annexed as *Exhibit "B"*.

        3.   On   May   18,   2007,   defendant   served   a   CPLR

§3017(c)   "Request   for   a   Supplemental   Demand"   requiring

plaintiff to set forth the total damages to which she deems herself entitled. A copy of the "Combined Demands" is annexed as *Exhibit "C"*.

4.     Plaintiff's Response to Defendants' Combined Demands" was served on June 20, 2007. A copy is annexed as *Exhibit "D"*. In her response, plaintiff demands judgment against the defendant in the amount of $800,000 together with costs and disbursements.

5.     The above described action is now one in which this Court has original jurisdiction under the provisions of 28 U.S.C.A. 1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C.A. 1441 in that the matter in controversy exceeds the jurisdictional minimum for federal diversity actions exclusive of interest and costs.

6.     Plaintiff was, at the time this action was commenced, a citizen of the State of North Carolina, County of Durham. Defendant Paul Corrieri, was, at the time this action was commenced, and still is, a citizen of the State of New York and resides in Bronx County. John Corrieri, was at the time this action was commenced, and still is, a resident of the State of New York and resides in Queens.

**WHEREFORE,** defendants request that the action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated:   New York, New York
         July 11, 2007

                                    Yours etc.,

                                    KRAL, CLERKIN, REDMOND,
                                    RYAN, PERRY & GIRVAN, LLP
                                    Attorneys for Defendant
                                    JOHN D. CORRIERI AND PAUL D.
                                    CORRIERI
                                    170 Broadway, 5th Floor
                                    New York, New York  10038
                                    (212) 406-9710
                                    Our File Number:  901774

                                    By:_____
                                    JUSTINE L. GRISANTI  (#0793)

TO:   DAVID RESNICK & ASSOCIATES
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 409
      New York, New York 10123
      (212) 279-2000

# EXHIBIT "A"

631 423 0056

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Index No.:

Date Purchased: 13456 - 07

---------------------------------------------------X

SALLY ANN DRUCKER,

**SUMMONS**

Plaintiff,

Plaintiff designates Bronx
County as the place of trial.

-against-

The basis of venue is:
Defendant's residence

JOHN D. CORRIERI AND PAUL D. CORRIERI,

Defendants.

Defendant resides at:
1481 Shore Drive
Bronx, NY 10465

---------------------------------------------------X

County of Bronx

**To the above named Defendants:**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
March 21, 2007

DAVID RESNICK & ASSOCIATES, P.C.
Attorneys for Plaintiff
SALLY ANN DRUCKER
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

TO:  JOHN D. CORRIERI
47-33 5th Street
Long Island City, NY 11101

PAUL D. CORRIERI
1481 Shore Drive
Bronx, NY 10465

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
SALLY ANN DRUCKER,

               Plaintiff,

       -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

               Defendants.
-------------------------------------------------------------X

Index No.:
Date Purchased: 13256-07

VERIFIED
COMPLAINT

Plaintiff, by her attorneys, **DAVID RESNICK & ASSOCIATES, P.C.,** complaining of the Defendants, respectfully alleges, upon information and belief:

1.    That at all times herein mentioned, Plaintiff **SALLY ANN DRUCKER** was, and still is, a resident of the County of Durham, State of North Carolina.

2.    That at all times herein mentioned, Defendant **JOHN D. CORRIERI** was, and still is, a resident of the County of Queens, State of New York.

3.    That at all times herein mentioned, Defendant **PAUL D. CORRIERI** was, and still is, a resident of the County of Bronx, State of New York.

4.    That at all times herein mentioned, Defendant **JOHN D. CORRIERI** was the owner of a 1983 motor vehicle bearing New York State registration number 77390JJ.

5.    That at all times herein mentioned, Defendant **PAUL D. CORRIERI** operated the aforementioned motor vehicle bearing New York State registration number 77390JJ.

6.    That at all times herein mentioned, Defendant **PAUL D. CORRIERI** operated the aforementioned motor vehicle with the permission of Defendant **JOHN D. CORRIERI.**

7. That at all times herein mentioned, Defendant JOHN D. CORRIERI operated the aforementioned motor vehicle with the knowledge of the Defendant JOHN D. CORRIERI.

8. That at all times herein mentioned, Defendant PAUL D. CORRIERI operated the aforementioned motor vehicle with the consent of the Defendant JOHN D. CORRIERI.

9. That all times herein mentioned, Defendant JOHN D. CORRIERI managed the aforesaid motor vehicle.

10. That at all times herein mentioned, Defendant PAUL D. CORRIERI managed the aforementioned motor vehicle.

11. That at all times herein mentioned, Defendant JOHN D. CORRIERI maintained the aforementioned motor vehicle.

12. That at all times herein mentioned, Defendant PAUL D. CORRIERI maintained the aforementioned motor vehicle.

13. That at all times herein mentioned, Defendant JOHN D. CORRIERI controlled the aforementioned motor vehicle.

14. That at all times herein mentioned, Defendant PAUL D. CORRIERI controlled the aforementioned motor vehicle.

15. That at all times herein mentioned, Defendant PAUL D. CORRIERI operated the aforementioned motor vehicle in the scope of his employment with JOHN D.

CORRIERI.

16. That at all times herein mentioned, Plaintiff SALLY ANN DRUCKER was the operator of a 2001 Volvo motor vehicle bearing North Carolina State registration number SRD7756.

17. That at all times herein mentioned, Vernon Blvd at or near its intersection with 48 Avenue, Queens, NY in the County of Queens, State of New York, was a public roadway, streets and/or thoroughfare.

18. That on September 11, 2006, Defendant PAUL D. CORRIERI was operating the vehicle owned by JOHN D. CORRIERI, at the aforementioned location.

19. That on September 11, 2006, Plaintiff SALLY ANN DRUCKER was operating her motor vehicle at the aforementioned location.

20. That on September 11, 2006, at the aforementioned location, the front of the motor vehicle owned by Defendant JOHN D. CORRIERI and operated by Defendant PAUL D. CORRIERI came into contact with the rear of the motor vehicle operated by Plaintiff SALLY ANN DRUCKER.

21. That as a result of the aforesaid contact, Plaintiff SALLY ANN DRUCKER was injured.

22. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff

contributing thereto.

23.    That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That by reason of the foregoing, Plaintiff SALLY ANN DRUCKER sustained severe and permanent personal injuries; and Plaintiff SALLY ANN DRUCKER was otherwise damaged.

25.    That Plaintiff SALLY ANN DRUCKER sustained serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York.

26.    That Plaintiff SALLY ANN DRUCKER sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5104 of the Insurance Law of the State of New York.

27.    That this action falls within one or more of the exceptions set forth in CPLR Section 1602.

28.    That by reason of the foregoing, Plaintiff SALLY ANN DRUCKER has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demand judgment against the Defendants herein, in a

sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:     New York, New York
           March 21, 2007

Yours, etc.

DAVID RESNICK & ASSOCIATES, P.C.
Attorneys for Plaintiff
SALLY ANN DRUCKER
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

## ATTORNEY'S VERIFICATION

**DAVID RESNICK**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DAVID RESNICK & ASSOCIATES, P.C., attorneys of record for Plaintiff, SALLY ANN DRUCKER. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:    New York, New York
          March 21, 2007

_____
DAVID RESNICK

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SALLY ANN DRUCKER,

   Plaintiff,

  -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

   Defendants.

## SUMMONS & VERIFIED COMPLAINT

# DAVID RESNICK & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=================================================X

SALLY ANN DRUCKER,

                                   *VERIFIED ANSWER*

                      Plaintiff,

           -against-                         **Index No.: 13256/07**

JOHN D. CORRIERI AND PAUL D. CORRIERI,

                      Defendants.
=================================================X

     Defendants, JOHN D. CORRIERI AND PAUL D. CORRIERI, by its attorneys, KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, answering the complaint of plaintiff herein, sets forth the following upon information and belief:

     FIRST.        Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "12", "16" and "19" of the complaint.

     SECOND.      Denies the allegations contained in paragraphs "6" and "8" of the complaint except admits that Defendant, PAUL D. CORRIERI operated the aforementioned motor vehicle with the permission and consent of Defendant JOHN D. CORRIERI.

     THIRD.        Denies, in the form alleged, the allegations contained in paragraphs "9", "10", "13" and "14" of the complaint.

     FOURTH.      Denies the allegations contained in paragraphs "20", "21", "22", "23", "24" and "28" of the complaint.

     FIFTH.        Denies the allegations contained in paragraphs "25", "26" and "27" of the complaint and refers all questions of Law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

     SIXTH.        Upon information and belief, the injury sustained by the plaintiff was not as the result of any culpable conduct of the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable

conduct of the plaintiff and/or others which contributed to the culpable conduct that caused the injury.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTH.   Defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTH.   That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit. Therefore, the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINTH.   Upon information and belief, any damages sustained by the plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or damages were caused by or aggravated by such conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TENTH.   Any past or future costs or expenses incurred, or to be incurred by the claimant for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss that has been or may be replaced or indemnified, in whole or in part, from a collateral source as defined in Section 4545(c) of the Civil Practice Law and Rules, shall not be recoverable from the defendant and the amount of any such damage will be diminished by the amount of the funds that plaintiff has, or may received, from such collateral sources.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ELEVENTH. That the plaintiff did not use seatbelts therein provided and that the injuries claimed to have been sustained were caused, added to and exacerbated by the lack of use

of the seatbelt and plaintiffs did not avail themselves of the protective device to mitigate the injuries herein in accordance with the decision of <u>Spier v. Barker</u>, 35 N.Y.S.2d 444.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWELFTH.    That the plaintiffs by not fastening the available seatbelt, acted unreasonably and disregarded his/her own best interest, and accordingly, caused or contributed to the happenings of this accident in accordance with <u>Curry v. Moser</u>, 454 N.Y.S.2d 311.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH.       Plaintiff did not sustain serious and permanent injuries as defined by section 5102(d) of the Insurance Law of the State of New York and the exclusive remedy is confined and limited to the benefit and provision of Article 51 thereof.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FOURTEENTH.      The complaint is barred by Article 51 Section 5104 of the Insurance Law of the State of New York and the sole and exclusive remedy of plaintiff is confined and limited to the benefit and provisions of Article 51 of the Insurance Law of the State of New York.

**WHEREFORE**, defendants demand judgment dismissing the complaint of plaintiff herein, together with the costs and disbursements of the action, and the expenses incurred in the defense thereof.

Dated: New York, New York
      May 18, 2007

Yours etc.,

KRAL, CLERKIN, REDMOND, RYAN,
    PERRY & GIRVAN, LLP
Attorneys for Defendants
170 Broadway, Suite 500
New York, New York 10038
(212) 406-9710
File Number: 111156N

BY: _____
    JEFFREY K. VAN ETTEN

TO:    DAVID RESNICK & ASSOCIATES
        Attorneys for Plaintiff
        450 Seventh Avenue, Ste. 409
        New York, New York  10123
        (212) 279-2000
        Fax No.:  (212) 594-7144

### *ATTORNEYS VERIFICATION*

**JEFFREY VAN ETTEN**, affirms as follows:

I am an attorney admitted to practice in the Courts of the State of New York, and am the attorney for defendant in the within action, and as such, am fully familiar with all the facts and circumstances therein.

That the foregoing VERIFIED ANSWER is true to the knowledge of affirmant, except as to those matters stated to be alleged upon information and belief and that as to those matters he believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendant is that defendant does not reside within the County of New York, where affirmant maintains his office.

Affirmant further states that the sources of his knowledge and information are reports of investigations, conversations, writings and memoranda of this litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury and pursuant to Rule 2106 CPLR.

Dated: New York, New York
     May 18, 2007

_____
JEFFREY K. VAN ETTEN

Drucker

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK ` )`
` ) ss.:`
COUNTY OF NEW YORK ` )`

JAIME INTAGLIATA, being duly sworn, deposes and says:

Deponent is not a party to the action, is over Eighteen (18) years of age and resides in the County of Richmond, City and State of New York.

On May 18, 2007 deponent served the within **VERIFIED ANSWER, 511 DEMAND, DEMAND FOR VERIFIED BILL OF PARTICULARS, COMBINED DEMANDS, NOTICE TO RPODUCE, EBT NOTICE, DEMAND FOR PHOTOGRAPHS, DEMAND FOR EXPERT WITNESS INFORMATION, DEMAND FOR COLLATERAL SOURCE INFORMATION and DEMAND FOR DAMAGES** upon the attorneys listed below by mailing the same, by regular mail in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:     DAVID RESNICK & ASSOCIATES
        Attorneys for Plaintiff
        450 Seventh Avenue, Ste. 409
        New York, New York  10123
        (212) 279-2000
        Fax No.:  (212) 594-7144

_____
JAIME INTAGLIATA

Sworn to before me this
18th day of May, 2007

_____
Notary Public

MICHAEL J. VERAS
Notary Public, State of New York
No. 02VE6153362
Qualified in Richmond County
Commission Expires October 2, 20 _10_

# EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==========================================X
SALLY ANN DRUCKER,

                     Plaintiff,

          -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

                    Defendants.
==========================================X

**Combined Demands**

**Index No.: 13256/07**

S I R S:

PLEASE TAKE NOTICE, that defendants, hereby demand that plaintiff provide the following pursuant to the Civil Practice Law & Rules within thirty (30) days after receipt of this demand:

1.     Set forth the Index Number obtained by plaintiff upon filing of the affidavit of service as well as providing duplicate copies of the receipts for the purchase of the index number.

2.     Authorizations to obtain plaintiff's hospital records and x-rays regarding any hospitalization resulting from the incident complained of in plaintiff's Complaint.

3.     Authorizations to obtain the records and reports of any physicians who treated the plaintiff as a result of the incident alleged in plaintiff's Complaint.

4.     Books, records, correspondence, notations and memoranda by whatever name known which would reflect the total income earned by the plaintiff for the years 2002 to the present or copies of income tax returns for said enumerated years and authorizations to obtain same from the Internal Revenue Service.

5.     The names and addresses of all witnesses to:

          a.     the occurrence alleged in plaintiff's Complaint;

b.    any acts, omissions or conditions which allegedly caused the occurrence alleged in plaintiffs complaint;

c.    any actual notice given to the defendant herein of any condition which allegedly caused the occurrence in plaintiff's Complaint.

d.    the nature and duration of any alleged condition which allegedly caused the occurrence in plaintiff's Complaint.

6.    The undersigned demands upon behalf of the defendant in this action that pursuant to CPLR Article 31, you produce and permit the undersigned to discover, inspect and copy each and every statement made or taken by each party and his, her or its agents, servants and/or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any manner bears on the issues in this action.  If no such statement in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

PLEASE TAKE FURTHER NOTICE, that the foregoing is a continuing demand and upon your failure to produce the aforesaid information and/or documents, a motion may be made and costs may be requested.

Dated: New York, New York
       May 18, 2007

Yours etc.,

KRAL, CLERKIN, REDMOND, RYAN,
   PERRY & GIRVAN, LLP
Attorneys for Defendants
170 Broadway, Suite 500
New York, New York 10038
(212) 406-9710
File Number:  111156N

BY: _____
       JEFFREY K. VAN ETTEN

# EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

SALLY ANN DRUCKER,

        Plaintiff,

      -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

        Defendants.

------------------------------------------------------------------------X

**RESPONSE TO
DEFENDANTS
COMBINED
DEMANDS**

Index No.:13256/07

      Plaintiff, by her attorneys, **DAVID RESNICK & ASSOCIATES, P.C.**, as and for

a response to Defendants, Combined Demands, alleges upon information and belief, as

follows:

    1.    Demand for damages is $800,000.00

Dated: NEW YORK, NEW YORK
       June 20 , 2007

Yours etc.,

_____
DAVID RESNICK & ASSOCIATES, P.C.
Attorneys for Plaintiff
SALLY ANN DRUCKER
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

TO:  KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN
     Attorneys for Defendants
     PAUL D. CORRIERI & JOHN D. CORRIERI
     69 East Jericho Turnpike
     Mineola, NY 11501
     (516) 742-3470

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

Maribel Rodriguez being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York.

I served a true copy of the annexed

**RESPONSE TO DEFENDANTS COMBINED DEMANDS**

on June 20, 2007

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Kral, Clerkin, Redmond, Ryan, Perry & Girvan
Attorneys for Defendants
PAUL D. CORRIERI & JOHN D. CORRIERI
69 East Jericho Turnpike
Mineola, NY 11501
(516) 742-3470

_____
Maribel Rodriguez

Sworn to before me June 20, 2007

_____
Notary Public

BECKSABET SUAREZ
Notary Public - State of New York
No. 01SU6135200
Qualified in Bronx County
My Comm. Expires Oct. 17, 2009

Index No. 13256/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

SALLY ANN DRUCKER,

        Plaintiff,

    -against-


JOHN D. CORRIERI AND PAUL D. CORRIERI,

        Defendants.

---

### RESPONSE TO DEFENDANTS COMBINED DEMANDS

---

## DAVID RESNICK & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
**450 Seventh Avenue, Suite 409**
**New York, New York 10123**
**(212)279-2000**

---

TO:   KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN
       Attorneys for Defendants
       PAUL D. CORRIERI & JOHN D. CORRIERI
       69 East Jericho Turnpike
       Mineola, NY 11501
       (516) 742-3470

STATE OF NEW YORK, COUNTY OF                                              ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**     certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**     say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

. I have read the annexed **NOTICE OF REMOVAL**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following. **The information contained in my files.**

The reason I make this affirmation instead of **defendants** **is that defendants reside in a County other than where deponent maintains her office.**

I affirm that the foregoing statements are true under penalties of perjury.

Dated:     **New York, New York**
           **July 11, 2007**

_____
**JUSTINE L. GRISANTI**        *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                     ss:

being sworn says: I am

☐ **Individual Verification**     in the action herein; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                                                        of

☐ **Corporate Verification**     a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                              , 20

.......................................................................

.......................................................................
                                                                  *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                     ss:

being sworn says: I am not a party to the action, am over 18 years of

age and reside at

On                                      , 20    , I served a true copy of the annexed

in the following manner:

☐ **Service by Mail**     by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Personal Service**     by delivering the same personally to the persons at the address indicated below:

☐ **Service by Electronic Means**     by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service**     by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.* 13256/07                    *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK:COUNTY OF BRONX

SALLY ANN DRUCKER,

                Plaintiffs,

     -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

              Defendants.

## NOTICE OF REMOVAL

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for*                    Defendants.

170 BROADWAY
NEW YORK, NEW YORK 10038
(212) 406-9710

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* July 11, 2007        Signature..................................................................

                           Print Signer's Name........... JUSTINE L. GRISANTI ..............................

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    *20*

☐ **NOTICE OF SETTLEMENT**

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                    *one of the judges of the within named Court,*
*at*
*on*                    *20*        *, at*                    *M.*

*Dated:*

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       : ss.
COUNTY OF NEW YORK     )

**MICHELE SUTTON**, being duly sworn deposes and says:

Deponent is not a party to the action, is over Eighteen (18) years of age and resides in Staten Island, New York.

On July 17, 2007, deponent served the within **NOTICE OF REMOVAL, CIVIL COVER SHEET and NOTICE OF REMOVAL TO FEDERAL COURT** upon the attorney(s) listed below at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid addressed wrapper with self-addressed stamped envelopes in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

DAVID RESNICK & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

_____
MICHELE SUTTON

Sworn to before me on this
17 day of July, 2007

_____
NOTARY PUBLIC

MARCIA M. GOLDSON
Notary Public, State of New York
No. 01GO6029663
Qualified In Richmond County
Commission Expires August 23, 200_

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.* 13256/07                    *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK:COUNTY OF BRONX

SALLY ANN DRUCKER,

                 Plaintiffs,

          -against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

                 Defendants.

## NOTICE OF REMOVAL TO FEDERAL COURT

**KRAL, CLERKIN, REDMOND, RYAN**
**PERRY & GIRVAN, LLP**

*Attorneys for*                    *Defendants.*

170 BROADWAY
NEW YORK, NEW YORK 10038
(212) 406-9710

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* July 17, 2007                    Signature........................................................

                                          Print Signer's Name...........JUSTINE L. GRISANTI..................

*Service of a copy of the within*                                          *is hereby admitted.*

*Dated:*

                    ........................................................
                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐    that the within is a (certified) true copy of a
NOTICE OF     entered in the office of the clerk of the within named Court on                    *20*
ENTRY

☐    that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF     Hon.                              one of the judges of the within named Court,
SETTLEMENT    at
          on                    *20*      , at              *M.*

*Dated:*

                              **KRAL, CLERKIN, REDMOND, RYAN**
                              **PERRY & GIRVAN, LLP**

                    *Attorneys for*