```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================X  Docket No.: 07-CV-6432 (RJH)
SALLY ANN DRUCKER,
                    Plaintiff,           DEFENDANTS'
                                         VERIFIED BILL
     -against-                           OF PARTICULARS
                                         AS TO AFFIRMATIVE
JOHN D. CORRIERI AND PAUL D. CORRIERI,   DEFENSES

                    Defendants.
=================================X
```

Defendants, JOHN D. CORRIERI and PAUL D. CORRIERI, by their attorneys KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP as and for a Response to Plaintiff's Demand for a Verified Bill of Particulars as to Affirmative Defenses states the following upon information and belief:

1.  Plaintiff herein was careless, reckless, negligent and assumed the risk by failing to obtain proper medical care and treatment; in failing to follow instructions for proper medical care and treatment; and in failing to take all precautions against injury and re-injury; in failing to utilize a seatbelt or other available safety devices; in failing to exercise reasonable care and caution for her own safety in view of the circumstances and conditions in existence at the and place of the occurrence. The within defendants reserve the right to supplement this response upon the completion of discovery.

2.  It will be claimed that plaintiff's negligence was the sole cause of the accident.

3. Defendants will rely on Article 16 of the CPLR with regard to the application of joint and several liability and the need to apportion liability by and between each and every party to this action based upon that individual party's degree of fault. This will include an apportionment of liability applicable to the culpable conduct and contributory negligence of plaintiff. It will be claimed that plaintiff's negligent acts were committed and/or omitted with other persons, the identity of whom are exclusively within the control of plaintiff.

Additionally, defendants will rely on Article 16 to apportion liability for any share of responsibility from absent tortfeasors as their negligence may have been the cause of the claimed occurrence and plaintiff's failure to name necessary parties has caused and will continue to cause damage to the within defendants.

Finally, it is further claimed that in the event defendants are held liable for fifty percent or less of culpability, as between the parties, then and in that event, defendants will only be liable for their equitable share of the judgment in accord with their degree of culpability.

4. Plaintiff's acts and omissions, as stated in paragraph "1" above, contributed to plaintiff's injuries and/or damages. Plaintiff's injuries and/or damages should be diminished one hundred percent by plaintiff's negligence.

5.  It will be claimed that plaintiff's negligent acts were committed and/or omitted with other persons, the identity of whom are exclusively within the control of plaintiff.

6.  Plaintiff's injuries and/or damages should be diminished one hundred percent by plaintiff's negligence.

7.  While it will be alleged that plaintiff was seated in a vehicle equipped with seatbelts and/or restraining devices, this information is exclusively within the control of plaintiff.

8.  It is alleged that plaintiff was not wearing a seatbelt and that the injuries claimed to have been sustained were caused, added to and exacerbated by the lack of use of the seatbelt and plaintiff did not avail herself to the protective device to mitigate her injuries.

9. & 11.  It will be claimed that plaintiff's failure to wear a seatbelt and/or other safety device contributed one hundred percent to plaintiff's injuries.

10., 12., 13., & 14.  Since discovery is in the preliminary stages, and defendants are not in possession of plaintiff's medical records, it cannot be stated at this time what injuries and/or sequellae it will be alleged plaintiff would not have sustained had she had been wearing restraining devices.

15. Since discovery is in the preliminary stages, and defendants are not in possession of plaintiff's medical records, it cannot be stated what injuries and/or sequellae it will be alleged plaintiff which contact with any portion of the vehicle would not have occurred but for plaintiff's failure to use seatbelts and/or devices.

**PLEASE TAKE NOTICE**, that defendants herein specifically reserve their right to amend and/or supplement the above responses upon the completion of additional discovery and/or investigation.

Dated:  New York, New York
        September 24, 2007

                                    Yours etc.,

                                    KRAL, CLERKIN, REDMOND,
                                    RYAN, PERRY & GIRVAN, LLP
                                    Attorneys for Defendant
                                    JOHN D. CORRIERI AND PAUL D.
                                    CORRIERI
                                    170 Broadway, 5th Floor
                                    New York, New York 10038
                                    (212) 406-9710
                                    Our File Number:  901774

                                    By: _____
                                    JUSTINE D. GRISANTI (#0793)

TO:  DAVID RESNICK & ASSOCIATES
     Attorneys for Plaintiff
     450 Seventh Avenue, Suite 409
     New York, New York 10123
     (212) 279-2000

## ATTORNEY'S VERIFICATION

JUSTINE L. GRISANTI, affirms as follows:

I am an attorney admitted to practice in the Courts of the State of New York, and am the attorney for the defendant in the within action, and as such, am fully familiar with all the facts and circumstances therein.

That the foregoing Defendant's Verified Bill of Particulars As To Affirmative Defenses is true to the knowledge of affirmant, except as to those matters stated to be alleged upon information and belief and that as to those matters she believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendant is that defendant does not reside within the County of New York, where affirmant maintains her office.

Affirmant further states that the sources of her knowledge and information are reports of investigations, conversations, writings and memoranda of this litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury and pursuant to Rule 2106 CPLR.

Dated:   New York, New York
         September 24, 2007

_____
JUSTINE L. GRISANTI

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       : ss.
COUNTY OF NEW YORK     )

**MICHELE SUTTON**, being duly sworn deposes and says:

Deponent is not a party to the action, is over Eighteen (18) years of age and resides in Staten Island, New York.

On September 24 2007, deponent served the within **DEFENDANTS' VERIFIED BILL OF PARTICULARS AS TO AFFIRMATIVE DEFENSES** upon the attorney(s) listed below at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid addressed wrapper with self-addressed stamped envelopes in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

DAVID RESNICK & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 279-2000

_____
MICHELE SUTTON

Sworn to before me on this
24 day of September, 2007

_____
NOTARY PUBLIC

KAREN T. DOODY
Notary Public, State Of New York
01DO4652571
Qualified In Queens County
Commission Expires July 31, 20 09

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

Index No. 13256/07    Year 20

SUPREME COURT OF THE STATE OF NEW YORK:COUNTY OF BRONX

SALLY ANN DRUCKER,

        Plaintiffs,

-against-

JOHN D. CORRIERI AND PAUL D. CORRIERI,

        Defendants.

## DEFENDANT'S VERIFIED BILL OF PARTICULARS AS TO AFFIRMATIVE DEFENSES

**KRAL, CLERKIN, REDMOND, RYAN
PERRY & GIRVAN, LLP**

*Attorneys for* Defendants

170 BROADWAY
NEW YORK, NEW YORK 10038
(212) 406-9710

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: ........................................    Signature ........................................

September 24, 2007    Print Signer's Name ........................................

*Service of a copy of the within*    JUSTINE L. GRISANTI *is hereby admitted.*

Dated:

........................................
*Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on    20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the within named Court, at on    20    , at    M.

Dated:

                      **KRAL, CLERKIN, REDMOND, RYAN
                      PERRY & GIRVAN, LLP**

                      *Attorneys for*